```
ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
SANDRA M. HANSEN
Assistant United States Attorney
Arizona State Bar No. 009471
CHRISTINA M. VEJAR
Assistant United States Attorney
Arizona State Bar No. 024795
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sandra.hansen@usdoj.gov
       christina.vejar@usdoj.gov
       adam.rossi2@usdoj.gov
Attorneys for Plaintiff
```

FILED

2018 AUG 23 PM 4:06

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JAS(EJM)

CR18-1695TUC

**INDICTMENT**

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

1. DAVID KAPONE WILLIAMS,
   aka David Gregory Tamplin,
   aka "Young Flawless," aka "YF,"
   aka "D,"
   (Counts 1-4, 6, 10-11)

2. [REDACTED]

3. [REDACTED]

VIOLATIONS:

18 U.S.C. § 1959(a)(5)
(Violent Crime in Aid of Racketeering
– Conspiracy to Commit Murder)
Count 1

18 U.S.C. § 1959(a)(1) and
18 U.S.C. § 2
(Violent Crime in Aid of Racketeering
– Murder)
Count 2

18 U.S.C. § 1959(a)(6)
(Violent Crime in Aid of Racketeering –
Conspiracy to Commit Assault with a
Dangerous Weapon)
Count 3

18 U.S.C. § 1959(a)(3) and
18 U.S.C. § 2
(Violent Crime in Aid of Racketeering –
Assault with a Dangerous Weapon)
Count 4

| | |
|---|---|
| 4. [REDACTED] | 18 U.S.C. § 3<br>(Accessory After the Fact)<br>Count 5 |
| 5. MICHAEL ANTHONY WILLIAMS,<br>aka "Little Mike," aka "Gangsta Mike,"<br>(Counts 1-2, 6-7) | 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Cocaine)<br>Count 6 |
| 6. MEGAN ASHLIE BORGES<br>aka "Stunna,"<br>(Counts 1-2, 5, 12-14, 16-17) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>(Possession with Intent to Distribute Cocaine)<br>Counts 7-9, 13 |
| 7. [REDACTED] | 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Marijuana)<br>Count 10 |
| 8. CLIFFTON MARTINEZ,<br>aka "CK,"<br>(Counts 6, 9) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)<br>(Possession with Intent to Distribute Marijuana)<br>Count 11 |
| 9. JERMAINE MAXWELL,<br>aka "Kaps,"<br>(Count 6 | 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Cocaine and Heroin)<br>Count 12 |
| 10. [REDACTED] | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>(Possession with Intent to Distribute Heroin)<br>Count 14 |
| 11. [REDACTED] | 18 U.S.C. § 922(g)(1)<br>(Possession of a Firearm by a Prohibited Person)<br>Counts 15-16 |
| 12. [REDACTED] | 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2<br>(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)<br>Count 17 |
| Defendants. | FORFEITURE ALLEGATION<br><br>(UNDER SEAL) |

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise indicated:

1.  The Western Hills Bloods, sometimes referred to as the "Western Hills Posse Bloods," Western Hills Gangster Bloods," "South Park Family Gangsters," "36th Street Bloods," "Young Wrecking Krew," "Hillz," and "Park," is a violent street gang based in Tucson, Arizona and operating in the District of Arizona.

2.  The Western Hills Bloods have a loosely structured informal hierarchy that includes "Big Homies" or "OGs," who are leaders or managers of the organization. Other members not in leadership positions are referred to as "Little Homies."

3.  Members of the Western Hills Bloods sometimes signify their membership and allegiance to the gang by wearing the color red, displaying special hand signs, and tattoos.

4.  Members of the Western Hills Bloods use various forms of social media to communicate with each other and to raise the gang's profile within the community. Members use Facebook and YouTube to post pictures and videos of gang members and communicate or disseminate threats to individuals and the community.

5.  Members of the Western Hills Bloods engage in criminal activity such as assault, murder, and narcotics trafficking. Participation in criminal activity by a member, especially violence directed at rival gangs, is expected and increases the respect accorded to that member.

6.  Members of the Western Hills Bloods purchase, maintain and circulate an inventory of illegal narcotics for distribution in benefit of the gang. Members distribute controlled substances, including crack cocaine, cocaine, heroin, marijuana, methamphetamine, and prescription drugs, that travel in interstate and foreign commerce.

7.  The enterprise historically encompasses and operates in an area of Tucson, Arizona whose boundaries are 36th Street to the North, Ajo Way to the South, Kino Parkway to the West, and County Club Road to the East. The organization primarily operates in this specified area.

### The Racketeering Enterprise

8.  Western Hills Bloods, including its leadership, membership, and associates, constitutes an "enterprise" as defined in Title 18 United States Code, Section 1959(b)(2)

(hereinafter "the enterprise"), that is, a group of individuals associated in fact, although not a legal entity, which is engaged in, and the activities of which affect, interstate and foreign commerce. The enterprise constitutes an ongoing organization whose members function as a continuing unit for the common purpose of achieving the objectives of the enterprise.

9. The Western Hills Bloods, through its membership and associates, engages in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1) and, that are offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

10. The purposes of the enterprise include, but are not limited to, the following:

   a. Enriching the members and associates of the enterprise through, among other things, the control of and participation in the distribution of controlled substances in the territory controlled by the enterprise and through interstate distribution;

   b. Increasing the status of members of the enterprise through, among other things, locating other members willing to engage in criminal activity and willing to plan that criminal activity, devising ways to hide criminal activity from law enforcement and discussing ways in which members could enrich themselves and the enterprise through various criminal schemes;

   c. Increasing the status of members and associates of the enterprise through, among other things, violence and threats of violence, assault with a dangerous weapon, and murder;

   d. Promoting and enhancing the activities and authority of the enterprise and its members and associates;

   e. Keeping witnesses in fear of the enterprise and in fear of its members and associates through violence and threats of violence;

   f. Preventing prosecution of members for criminal activity through intimidating witnesses and otherwise obstructing justice.

   g. Providing financial assistance, support and information to members of the enterprise, including those who were incarcerated for committing acts of violence, assault with a dangerous weapon, distribution of controlled substances and other offenses; and

    h. Providing assistance to members of the enterprise who commit crimes for and on behalf of the enterprise in order to protect members of the enterprise and hinder, obstruct, and prevent law enforcement officers from identifying the offender or offenders, apprehending the offender or offenders, and prosecuting and punishing the offender or offenders.

## Means and Methods of the Enterprise

11. Among the means and methods by which the members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise, included but were not limited to, the following:

    a. Members and associates of the enterprise conspire to commit, commit, and attempt to commit acts of violence, including murder, to protect, maintain and expand the operations of the enterprise against individuals who pose a threat to the enterprise or jeopardize its operations, including rival gang members and witnesses to the illegal activities of the enterprise;

    b. Members and associates of the enterprise participate in the trafficking of narcotics and controlled substances, including the purchase and sale of crack cocaine, cocaine, marijuana, methamphetamine, heroin and prescription pills;

    c. Members and associates of the enterprise acquire, posses, carry and use deadly weapons including firearms, in the course of the enterprise's criminal activities;

    d. Members and associates of the enterprise manage the procurement, transfer, possession, use, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect gang-related territory, personnel, and operations, and to deter, eliminate, and retaliate against competitors and other rival criminal organizations and persons;

    e. Members and associates of the enterprise hide, misrepresent, conceal and cause to be misrepresented, concealed, and hidden, the objectives of acts done in furtherance of the conspiracy to avoid detection and apprehension by law enforcement authorities;

    f. Members and associates of the enterprise frustrate investigations of their criminal conduct by intimidating witnesses through threats of violence.

    g. Members and associates of the enterprise used gang-related terminology, symbols, gestures, and color schemes.

# F.D. HOMICIDE

## COUNT 1

### Conspiracy to Commit Murder in Aid of Racketeering

1. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated by reference as though fully set forth in full.

2. Beginning at a time unknown, to on or about May 16, 2015, at or near Tucson, in the District of Arizona, for the purpose of gaining entrance to and maintaining and increasing position in the Western Hills Bloods, an enterprise engaged in racketeering activity, the defendants, DAVID KAPONE WILLIAMS, [redacted] MICHAEL ANTHONY WILLIAMS, and MEGAN ASHLIE BORGES, and others known and unknown, unlawfully, and knowingly conspired to murder F.D. in violation of the laws of the State of Arizona, that is, Title 13, Arizona Revised Statutes, Sections 105(10)(a) and (b), 1003, 1101, 1104, and 1105.

All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 2

### Murder in Aid of Racketeering

1. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated by reference as through fully set forth in full.

2. On or about May 16, 2015, at or near Tucson, in the District of Arizona, for the purpose of gaining entrance to and maintaining and increasing position in the Western Hills Bloods, an enterprise engaged in racketeering activity, DAVID KAPONE WILLIAMS, [redacted] MICHAEL ANTHONY WILLIAMS, and MEGAN ASHLIE BORGES, unlawfully, and knowingly murdered F.D. in violation of the laws of the State of Arizona, that is, Title 13, Arizona Revised Statutes, Sections 105(10)(a) and (b), 301, 302, 303, 1101, 1104, and 1105.

All in violation of Title 18 United States Code, Sections 1959(a)(1), and 2.

## ASSAULT WITH A DANGEROUS WEAPON

## COUNT 3

### Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering

1. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated by reference as though fully set forth in full.

2. Beginning at a time unknown, to on or about October 4, 2015, at or near Tucson, in the District of Arizona, for the purpose of gaining entrance to and maintaining and increasing position in the Western Hills Bloods, an enterprise engaged in racketeering activity, the defendant, DAVID KAPONE WILLIAMS, and others known and unknown, unlawfully, and knowingly conspired to assault a rival gang member or members known to the Grand Jury with a dangerous weapon in violation of the laws of the State of Arizona, that is, Title 13, Arizona Revised Statutes, Sections 105(10)(a) and (b), 1003, 1203, and 1204.

All in violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT 4

### Assault with a Dangerous Weapon in Aid of Racketeering

1. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated by reference as though fully set forth in full.

2. On or about October 4, 2015, at or near Tucson, in the District of Arizona, for the purpose of gaining entrance to and maintaining and increasing position in the Western Hills Bloods, an enterprise engaged in racketeering activity, the defendant, DAVID KAPONE WILLIAMS, unlawfully, and knowingly assaulted M.S. with a dangerous weapon in violation of the laws of the State of Arizona, that is, Title 13, Arizona Revised Statutes, Sections 105(10)(a) and (b), 301, 1203, and 1204.

All in violation of Title 18 United States Code, Sections 1959(a)(3), and 2.

///

## COUNT 5

### Accessory After the Fact

Beginning at a time unknown, to on or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓ MEGAN ASHLIE BORGES and ▓▓▓▓▓▓▓▓▓▓ did knowing of the offenses as described in Counts 3 and 4 in violation of Title 18 United States Code, Sections 1959(a)(6), 1959(a)(3), and 2, herein had been committed, received, relieved, comforted and assisted the offender in order to hinder or prevent his apprehension, trial or punishment.

All in violation of Title 18 United States Code, Sections 2 and 3.

## NARCOTICS TRAFFICKING

## COUNT 6

### Conspiracy to Possess with Intent to Distribute Cocaine

1. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated by reference as though fully set forth in full.

2. From a time unknown to the Grand Jury and continuing to on or about December 31, 2015, in or near Tucson, Arizona, in the District of Arizona, DAVID KAPONE WILLIAMS, CLIFFTON MARTINEZ, JERMAINE MAXWELL, ▓▓▓▓▓▓▓▓▓▓ MICHAEL ANTHONY WILLIAMS, ▓▓▓▓▓▓▓▓▓▓ did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

All in violation of Title 21, United States Code, Section 846.

### Manners and Means

The manner and means employed by the defendants and other person to affect the objects of the conspiracy were as follows:

The defendants are members of the Western Hills Bloods (WHB) gang operating out of the Western Hills neighborhood in Tucson, Arizona. As part of the activities of the gang, members encouraged associates, girlfriends, and drug user clients to rent homes located mostly in the Western Hills neighborhood to be used as "shops" or "crack houses" for the gang. Using associates, girlfriends and drug users to rent homes allowed members of the WHB to remain unassociated with the homes if they were ever raided or targeted by police.

The gang would operate these crack houses, or "shops", as they referred to them, by rotating members who would man or operate the shop. Members would take turns servicing drug clients who would arrive at the crack houses. Members would also direct clients via cellular phone to come to the crack houses to purchase drugs.

The gang would also set up security systems at the crack houses to detect law enforcement and rival gang activity. The security systems were comprised of surveillance cameras located on the outside of the shop that could detect persons arriving. Inside the shops, video monitors displayed the images from the camera.

The inside of the shops indicated that individuals usually did not live there. The houses were sparsely furnished and many of the shops contained indicia of gang activity and drug sales. The indicia of habitation that was located at some shops indicated that individuals sometimes stayed the night, but likely no one resided at these houses.

**Overt Acts**

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of Arizona and elsewhere:

On or about August 24, 2012, Western Hills Bloods gang members, CLIFFTON MARTINEZ and JERMAINE MAXWELL possessed, for the benefit of the WHB enterprise, approximately 22 grams of cocaine at a WHB "shop" or crack house. Also in their possession and control were tools of drug trafficking and distribution such as baking soda, scales, and baggies, amongst other items.

1  On or about July 9, 2013, ▮▮▮▮▮▮ and JERMAINE MAXWELL possessed, for the benefit of the WHB enterprise, approximately 2.83 grams of cocaine at a WHB "shop" or crack house. Also in their possession and control were tools of drug trafficking and distribution such as scales, baking soda, a plate with cut marks and residue, sandwich bags, masking agents, and gloves, amongst other items.

On or about February 11, 2014 ▮▮▮▮▮▮ MICHAEL ANTHONY WILLIAMS, and ▮▮▮▮▮▮ possessed, for the benefit of the WHB enterprise, approximately 3.3 grams of cocaine at a WHB "shop" or crack house. Also in their possession and control were tools of drug trafficking and distribution a digital scale, gloves and baggies, amongst other items.

On or about June 9, 2015, ▮▮▮▮▮▮ possessed, for the benefit of the WHB enterprise, approximately 78 grams of cocaine at a WHB "shop" or crack house. Also in their possession and control were tools of drug trafficking and distribution such as scales, a plate with razors and white residue and US currency, amongst other items.

On or about September 11, 2015, CLIFFTON MARTINEZ and ▮▮▮▮▮▮ possessed, for the benefit of the WHB enterprise, approximately 35.9 grams of cocaine at a WHB "shop" or crack house. Also in their possession and control were tools of drug trafficking and distribution such as a bundle of US currency in a bucket, nitrile gloves, a digital scale, an electronic scale, sandwich bags, crack pipes, paraphernalia straws, amongst other items.

All in violation of Title 21, United States Code, Section 846.

## COUNT 7

**Possession with Intent to Distribute Cocaine**

**2834 S. Coconino Vista**

On or about February 11, 2014, at or near Tucson, in the District of Arizona, MICHAEL ANTHONY WILLIAMS, ▮▮▮▮▮▮ and ▮▮▮▮▮▮ did knowingly and intentionally possess with intent to distribute less than 500 grams of cocaine, that is, approximately 3.3 grams of cocaine, a Schedule II

controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 8
**Possession with the Intent to Distribute**

**2918 E. Proctor Vista**

On or about June 9, 2015, at or near Tucson, in the District of Arizona, [redacted] did knowingly and intentionally possess with intent to distribute less than 500 grams of cocaine, that is, approximately 78 grams of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 9
**Possession with the Intent to Distribute**

**1514 S. Cherry Avenue**

On or about September 11, 2015, at or near Tucson, in the District of Arizona, CLIFFTON MARTINEZ and [redacted] did knowingly and intentionally possess with intent to distribute less than 500 grams of cocaine, that is, approximately 35.9 grams of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 10
**Conspiracy to Possess with Intent to Distribute Marijuana**

Beginning at a time unknown, to on or about September 15, 2015, at or near Tucson, in the District of Arizona, DAVID KAPONE WILLIAMS and [redacted] did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to possess with intent to distribute less than 50 kilograms of marijuana, that is, approximately 1.91 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

*United States of America v. Williams, et al.*
*Indictment Page 11 of 20*

## COUNT 11

**Possession with the Intent to Distribute Marijuana**

On or about September 15, 2015, at or near Tucson, in the District of Arizona, DAVID KAPONE WILLIAMS and ▓▓▓▓▓▓▓▓▓▓ did knowingly and intentionally possess with intent to distribute less than 50 kilograms of marijuana, that is, approximately 1.36 kilograms of marijuana, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 12

**Conspiracy to Possess with the Intent to Distribute Cocaine and Heroin**

Beginning at a time unknown, to on or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓ and MEGAN ASHLIE BORGES, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to possess with intent to distribute less than 500 grams of cocaine, that is, approximately 1.75 grams of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); less than 100 grams of heroin, that is, 5.31 grams, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT 13

**Possession with the Intent to Distribute Cocaine**

On or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓ and MEGAN ASHLIE BORGES did knowingly and intentionally possess with intent to distribute less than 500 grams of cocaine, that is, approximately 1.75 grams of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 14

### Possession with the Intent to Distribute Heroin

On or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and MEGAN ASHLIE BORGES did knowingly and intentionally possess with intent to distribute less than 100 grams of heroin, that is, 5.31 grams of heroin, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FIREARMS OFFENSES

## COUNT 15

### Possession of a Firearm by a Prohibited Person

On or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Attempted Possession of Narcotic Drug for Sale on December 7, 2010, in Arizona Superior Court, Pima County, case number CR20094238, did knowingly possess the following firearms in or affecting interstate commerce: a Glock .45 caliber pistol bearing serial number AZL184US; 31 Federal .40 caliber rounds; 7 Speer .40 caliber rounds; 2 Brazilian Cartridge Company .45 caliber round; 7 COR-BON .45 caliber rounds; and 4 HPR S&W .40 caliber rounds, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 16

### Possession of a Firearm by a Prohibited Person

On or about October 8, 2015, at or near Tucson, in the District of Arizona, MEGAN ASHLIE BORGES, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Facilitation to Trafficking in Stolen Property on May 7, 2013, in Arizona Superior Court, Pima County, case number CR20130754, did knowingly possess the following firearms in or affecting interstate commerce: a Glock .45 caliber pistol bearing serial number AZL184US; 31 Federal .40 caliber rounds; 7 Speer .40 caliber rounds; 2 Brazilian Cartridge Company .45 caliber round; 7 COR-BON .45 caliber rounds;

and 4 HPR S&W .40 caliber rounds, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 17

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

On or about October 8, 2015, at or near Tucson, in the District of Arizona, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and MEGAN ASHLIE BORGES, knowingly and intentionally possessed in furtherance of, or used or carried a firearm during and in relation to, a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute, as alleged in Count 12; all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## NOTICE OF SPECIAL FINDINGS

THE GRAND JURY CHARGES:

The allegations of Count 2 of this Indictment are hereby realleged and incoprated by reference as if fully set forth herein.

Defendant DAVID KAPONE WILLIAMS

As to Count 2 of this Indictment, DAVID KAPONE WILLIAMS:

1. Was 18 years of age or older at the time of the offense, that is, the defendant was 25 years old (18 U.S.C. § 3591(a));

2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the

offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

 6. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9))

Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

As to Count 2 of this Indictment, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

 1. Was 18 years of age or older at the time of the offense, that is, the defendant was 25 years old (18 U.S.C. § 3591(a));

 2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

 3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

 4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

 5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

 6. Committed the offense having been previously convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person (18 U.S.C. § 3592(c)(2));

 7. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9)).

///

Defendant ▓▓▓▓▓

As to Count 2 of this Indictment, ▓▓▓▓▓

    1. Was 18 years of age or older at the time of the offense, that is, the defendant was 28 years old (18 U.S.C. § 3591(a));

    2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

    3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

    4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

    6. Committed the offense having previously been convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4));

    7. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9)).

Defendant ▓▓▓▓▓

As to Count 2 of this Indictment, ▓▓▓▓▓

    1. Was 18 years of age or older at the time of the offense, that is, the defendant was 21 years old (18 U.S.C. § 3591(a));

    2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

    3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9))

Defendant MICHAEL ANTHONY WILLIAMS

As to Count 2 of this Indictment, MICHAEL ANTHONY WILLIAMS:

1. Was 18 years of age or older at the time of the offense, that is, the defendant was 21 years old (18 U.S.C. § 3591(a));

2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9)).

///

Defendant MEGAN ASHLIE BORGES

As to Count 2 of this Indictment, MEGAN ASHLIE BORGES:

    1. Was 18 years of age or older at the time of the offense, that is, the defendant was 21 years old (18 U.S.C. § 3591(a));

    2. Intentionally killed the victim, F. D. (18 U.S.C. § 3591(a)(2)(A));

    3. Intentionally inflicted serious bodily injury that resulted in the death of the victim F. D. (18 U.S.C. § 3591(a)(2)(B));

    4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim F. D. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

    6. Committed the offense after substantial planning and premeditation to cause the death of F. D. (18 U.S.C. § 3592(c)(9));

## FORFEITURE ALLEGATION

Upon conviction of Counts Six through Fourteen of this Indictment, defendants, DAVID KAPONE WILLIAMS, ▓▓▓▓▓ MICHAEL ANTHONY WILLIAMS, MEGAN ASHLIE BORGES, ▓▓▓▓▓ CLIFFTON MARTINEZ, JERMAINE MAXWELL, ▓▓▓▓▓ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations.

The property to be forfeited includes, but is not limited to: a sum of money equal to the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

Upon conviction of Counts Fifteen through Seventeen of this Indictment, defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and MEGAN ASHLIE BORGES, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

1. One Glock .45 caliber pistol bearing serial number AZL184US;
2. 31 Federal .40 caliber rounds;
3. 7 Speer .40 caliber rounds;
4. 2 Brazilian Cartridge Company .45 caliber rounds;
5. 7 COR-BON .45 caliber rounds; and
6. 4 HPR S&W .40 caliber rounds.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

///

1  All pursuant to Title 18, United States Code, Section 924(d); Title 21, United States
2  Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a),
3  Federal Rules of Criminal Procedure.

A TRUE BILL

**/ S /**
―――――――――――
Presiding Juror

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

**/ S /**
―――――――――――
Sandra M. Hansen
Christina M. Vejar
Adam D. Rossi
Assistant U.S. Attorneys
Tucson, Arizona

Dated: August 23, 2018

**REDACTED FOR
PUBLIC DISCLOSURE**