# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01695-004-TUC-JAS (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Lee Berrelle Rakestraw, III - 004<br>Michael Anthony Williams - 005, | |
| Defendants. | |

Before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Markovich (Doc. 2291) recommending this Court grant Defendants' Motion to Preclude/Limit Testimony from Proposed Gang Expert Frieberg (Doc. 1595). The Court has reviewed the government's Objection (Doc. 2337) and Defendants' Response (Doc. 2360). The Court has also reviewed the underlying motion and responsive briefs thereto, as well as the transcripts of both hearings before Judge Markovich (Docs. 2169 and 2253). For the reasons set forth below, the Court adopts in part and rejects in part Judge Markovich's R&R.

## **INTRODUCTION**

The government presented eight opinions that Detective Freiberg would deliver at trial, each of which, according to the government, may be admitted as either lay-opinion or expert testimony. If the Court finds that some opinions may be admitted only as lay-opinion and others only as expert testimony, the government argues that Detective Freiberg could serve as a dual-role witness.

In his R&R, Judge Markovich found that the government failed to establish proper foundation for either lay-opinion or expert testimony. He therefore recommends this Court grant Defendants' Motion to Preclude. This Court agrees with Judge Markovich as to expert testimony; Detective Freiberg did not adequately articulate the principles and methods she used to form her opinions. To this extent the R&R is adopted[1]. But this Court disagrees as to lay-opinion testimony; the government has adequately established that some of Detective Freiberg's opinions are rationally based on her perceptions. Provided the government is able to establish adequate foundation at trial, some of the opinions may be admissible. The Court will address the admissibility of each of the eight statements as lay-opinion testimony, *infra*.[2]

## **DISCUSSION**

The briefing on this matter is rife with confusion over whether Detective Frieberg's testimony is to be admitted as expert or lay opinion. The parties have not been clear about this distinction, often conflating arguments speaking to admissibility of one type of testimony with those speaking to the other. The Court will clarify the relevant standards, here.

Under Rule 701 of the Federal Rules of Evidence, lay witnesses may give opinion testimony when their opinions are: "(a) rationally based on [their] perception; (b) helpful to clearly understanding [their] testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Expert testimony, in contrast, is governed by Rule 702, and must be based on specialized knowledge, skill, experience, training, or education. As with lay-opinion testimony, it is the Court's duty to ensure that expert testimony will help the jury understand the evidence or make factual determinations. But Rule 702 goes on. The Court must also assess the expert's qualifications and inquire into the basis of the expert's

---

[1] Because the government objects to Judge Markovich's conlcusions regarding expert testimony, the Court has conducted an independent, *de novo* review of those issues and has reached the same conclusion as Judge Markovich.

[2] Because Detective Freiberg will not deliver any expert testimony, it is unnecessary to consider dual-role testimony.

testimony and the principles according to which their expertise is applied to facts of the case. Fed R. Evid. 702. To perform this duty, the Court may hold a *Daubert* hearing, in which the parties and the Court have the opportunity to examine an expert, their qualifications, and the reliability of their methods and their application to the facts of the case. *See Daubert v. Merrell Dow Pharm.'s Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) ("We conclude that *Daubert's* general principles apply to the expert matters described in Rule 702."). Meeting the requirements of Rule 702 and passing reliability analysis under *Daubert* is "a precondition to admissibility" for expert testimony. *Kumho Tire*, 526 U.S. at 149.

The key difference between expert and lay-opinion testimony is that lay-opinion testimony must be based on the witness's perceptions while expert testimony need not, but expert testimony is subject to reliability screening under *Daubert*, while lay-opinion testimony is not. In a case like this one, where the government offers testimony as either expert or lay-opinion, the *Daubert* reliability screening thus only applies to the proffered *expert* testimony. Testimony which fails to survive *Daubert*'s reliability screening may still be admissible as lay-opinion, provided the government can adequately establish that such opinions are rationally based on the witness's perceptions.

Another key difference is that expert testimony may be based on hearsay, while lay-opinion testimony may not. This does not mean, however, that out-of-court statements may not be part of a lay witness's basis for forming an opinion. To be based on hearsay—and thus inadmissible—an out-of-court statement must be offered for its truth. Fed. R. Evid. 801, 802. If an out-of-court statement is instead offered as part of the basis from which a witness independently inferred an opinion, then the statement is not offered for its truth and is therefore not hearsay.

<u>Admissibility as Expert Testimony</u>:

After conducting de novo review of the parties' arguments and pertinent parts of the record, the Court agrees with Judge Markovich's analysis regarding expert testimony. As such, the Court adopts in its entirety Part B 2 of the Discussion section of Judge

Markovich's R&R.[3] There, he found that Detective Freiberg, although qualified to provide expert testimony, did not adequately articulate the principles and methods upon which she based her opinions. As such, she may not testify as an expert.

*Admissibility as Lay-Opinion Testimony*:

Judge Markovich identified eight separate opinions the government seeks to have Detective Freiberg present at trial. The opinions are as follows:

(1) The WHB is a Tucson-based criminal street gang that is also known as "Western Hills Posse Bloods," the "Western Hills Gangster Bloods," the "36th Street Bloods," "The Hills," and the "Young Wreckin' Krew." Doc. 2291 at 41-42.

(2) In December 2018, there were 144 documented WHB gang members and associates. *Id.* at 42.

(3) The WHB had an ongoing rivalry with the Freestone Bloods and the 4th Avenue Crips. *Id.*

(4) The meanings of the following code phrases and gang slang used by WHB members: "Blood," "Damu," "relatives," "whoop," "Yabba," "lurking," "hills or the hills," "Young Wreckin' Krew," "hills in peace," "greenlight," "snitch or rat," "OG (Original Gangsters)," "Big Homie," and "Little Homie." *Id.*

(5) The WHB gang operates in a geographic boundary in the Western Hills neighborhood. *Id.*

(6) WHB members predominantly wear red, use unique hand signs, and have

---

[3] This Court may adopt portions of an R&R without explicitly addressing each argument the parties raise. It is enough that this Court conducts de novo review of the record, agrees with the Magistrate, and accordingly adopts portions of the R&R. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). *See also United States v. Ramos*, 65 F.4th 427, 433-35 (9th Cir. 2023) ("Under this statutory scheme [of the Federal Magistrates Act], the district court did what § 636(b) requires: it indicated that it reviewed the record de novo, found no merit to Ramos's objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (same); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004) (same); *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (same).

tattoos which demonstrate their affiliation to the WHB. *Id.*

(7) The WHB gang uses social media and rap videos to warn and threaten members of rival gangs and people who provide information to the police. Id. For example, Detective Frieberg will interpret social media postings made by defendants Borges and Michael Williams where they call K.D. a "rat" and posted pictures of grand jury transcripts and police reports to prove that K.D. is a "rat." *Id.*

(8) There was retaliatory violence between the WHB and the Freestones. Id. For example, Detective Frieberg will interpret the ambiguous term "winning," which refers to the power struggle between these two gangs. Id. She will also interpret ambiguous phrases in rap videos produced by the defendants, such as "green light" and "I do it for Mar-K." *Id.*

The Court agrees with Judge Markovich that the first opinion encroaches on the jury's role by including the word "criminal." Should the government want to admit this testimony at trial, that characterization must be omitted. The Court disagrees, however, with Judge Markovich's conclusion that this opinion is based on hearsay. Although the basis for detective Frieberg's testimony consists of out-of-court interviews, the statements interviewees made are being offered for their truth. One can independently infer that a street gang goes by multiple names after hearing people enough refer to it by those names. The *truth* of the interviewees' statements does not matter because the *fact* that those statements were made is the basis for the opinion. Further, some of those interviews were with defendants in this case, meaning their out-of-court statements are definitionally not hearsay under Rule 801(d)(2). The Court finds the government established adequate foundation to have Detective Frieberg deliver the first statement—without the word "criminal"—as lay-opinion.

Any disagreement over the second opinion appears to be moot as the government no longer intends to have Detective Frieberg give testimony based on the eGMIC database. The Court will therefore not rule on whether this opinion would be admissible.

The Court finds the government has established adequate foundation for Detective

Freiberg to deliver the 3rd, 4th, 5th, and 6th statements as lay-opinion, with two restrictions.  First, the terms "winning," "rat," "greenlight," and "snitch" are unambiguous and therefore may not be the subject of lay-opinion testimony. *United States v. Holguin*, 51 F.4th 841, 865 (9th Cir. 2022) ("Under Rule 701, a witness 'may not… interpret unambiguous, clear statements.'") (quoting *United States v. Perez*, 962 F.3d 420, 435 (9th Cir. 2020). Second, to the extent that Detective Freiberg's opinions rely on the now-excluded rap videos and lyrics, those opinions are inadmissible. But it appears there is sufficient basis for the 3rd through 6th opinions not drawn from the rap videos and lyrics.

Judge Markovich recommends these opinions be excluded and cites *Holguin* for the proposition that a witness must articulate specific experiences that serve as the basis for lay-opinions. But the specificity the Ninth Circuit required in *Holguin* was in the context of dual-role testimony. The court was concerned that "without specific foundation [for lay-opinion], there was a serious risk that the jury filled in the gap by looking to the basis that supported [the witness's] expert testimony." *Holguin*, 51 F.4th at 865-66. Detective Freiberg will not testify as an expert in this case, so the heightened specificity from *Holguin* is not at play in this case.

Judge Markovich also argues that opinions 3 through 6 rely on hearsay. The Court disagrees. As explained above, because the relevant out-of-court statements are not offered for their truth, they are not hearsay. The facts that people made those statements is the basis for Detective Freiberg's opinions as to their content. Further, many of the out-of-court speakers are defendants in this case, meaning those statements are non-hearsay.

The seventh opinion is inadmissible insofar as Detective Freiberg will interpret the term "rat." As explained earlier, the term is unambiguous and thus not appropriate for lay-opinion interpretation. The opinion also relies upon rap videos and lyrics which this Court has ruled inadmissible. The Court disagrees with Judge Markovich regarding the use of social media posts as a basis for lay-opinion; Detective Freiberg's review of some defendants' social media posts is sufficient to establish a perceptual basis for opinions

drawn from that review. Judge Markovich's position was that Detective Freiberg failed to specify which social media posts served as the basis for her opinions, but that degree of specificity was a requirement in *Holguin*, which involved dual-role testimony. Detective Freiberg's general assertion that her opinion is based on review of social media posts is adequate foundation in this case.

Finally, the eighth opinion is inadmissible as lay-opinion testimony. The terms "winning" and greenlight" are unambiguous in common parlance. Although WHB members may have used those terms differently, the basis for inferring different means appears to come from excluded rap videos and lyrics. The same is true of the phrase "I do it for Mar-K." As such, the eighth opinion is inadmissible as lay-opinion.

## **CONCLUSION**

To summarize: the Court agrees with Judge Markovich that characterizing the WHB as a "criminal" gang encroaches on the role of the jury. The Court further agrees that any testimony based on rap lyrics and videos is inadmissible. The Court also agrees that the terms "winning," "rat," "snitch," and "greenlight" are unambiguous and therefore in no need of lay-opinion interpretation. Any basis for claiming WHB used these terms in ways different from their common use appears to come from inadmissible rap videos and lyrics. The same is true of the phrase "I do it for Mar-K." The Court also recognizes that the government will not ask for opinions based on the eGMIC database, and thus takes no position on whether such testimony would be admissible.

The Court disagrees with Judge Markovich regarding whether some opinions are based on hearsay and the specificity required to establish foundation for lay-opinion testimony. Many of the proffered opinions, while based on out-of-court statements, are not based on hearsay for two independent reasons. First, some statements are those of defendants, meaning they are definitionally non-hearsay. Second, the out-of-court statements are not offered for their truth. It is the *fact that those statements were made* that serves as the basis for Detective Freiberg's opinions, not the truth of those statements.

Accordingly, provided the government is able to establish foundation at trial under the restrictions laid out above, the following applies: the first proffered opinion is admissible if it does not include the term "criminal." The second proffered opinion will not be presented. The third proffered opinion is admissible. The fourth proffered opinion is admissible except for interpretations of the terms "greenlight," "snitch," and "rat." The fifth proffered opinion is admissible. The sixth proffered opinion is admissible. The seventh proffered opinion is admissible except for interpretation of the term "rat." The eight proffered opinion is inadmissible.

Therefore, **IT IS ORDERED** as follows:

(1) Judge Markovich's Report and Recommendation is ADOPTED IN PART and REJECTED IN PART.

(2) Defendants' Motion to Preclude/Limit Testimony from Proposed Gang Expert Freiberg (Doc. 1595) is GRANTED IN PART and DENIED IN PART.

(3) Detective Freiberg may not testify on the proffered opinions as an expert witness. She may deliver lay-opinion testimony subject to the limitations and restrictions explained in this Order.

Dated this 30th day of May, 2023.

Honorable James A. Soto
United States District Judge