WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br>Samuel Lee Berrelle Rakestraw, III – 004<br>Michael Anthony Williams – 005,<br><br>  Defendants. | CR 18-01695-TUC-JAS(EJM)<br><br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendants' Motion to Amend Count 1, The RICO Conspiracy, to Reflect that the Conspiracy Ended in 2018, filed by counsel for defendants Samuel Lee Berrelle Rakestraw, III and Michael Anthony Williams. (Doc. 2995.) Specifically, the defendants request an Order amending Count One of the Third Superseding Indictment to reflect that the alleged RICO conspiracy ended no later than September 6, 2018. (*Id.* at 1.)    The defendants argue that this amendment is warranted because: (1) the Third Superseding Indictment extended the end date of the RICO conspiracy to April 6, 2022 (the return date of the Third Superseding Indictment) without any evidence presented to the grand jury to support the extension; and (2) the RICO conspiracy was terminated no later than September 6, 2018, when the defendants and their alleged co-conspirators were arrested. (*Id.* at 1-2.)

The government first points out that the grand jury who returned a true bill on the Third Superseding Indictment on April 6, 2022, 2018, also returned a true bill on the Second Superseding Indictment on October 20, 2021. (Doc. 3071 at 1.)   That grand jury "either heard or had access to the transcripts of all testimony presented in this case during

each indictment presentation," including "testimony of witnesses and summaries of witness statements" that led to the return of true bills on the original Indictment dated August 23, 2018, and the Superseding Indictment dated October 21, 2020. (*Id.* at 2.) The government asserts that the defendants fail to allege a legal basis to amend the end date of the RICO conspiracy. The government argues that: (1) an indictment valid on its face is not subject to challenge; (2) the defendants' argument fails to account for the fact that the grand jury was aware that the defendants were in-custody when the grand jury issued a true bill on the Second Superseding Indictment on October 20, 2021, which extended the end date of the RICO conspiracy to the return date; (3) the defendants operate under the false premise that their arrests ended their involvement in the RICO conspiracy; and (4) "[t]ime is not an essential element of crime of RICO conspiracy," and therefore, any "variance between proof and indictment is irrelevant so long as the defendants were afforded adequate notice of the charges against them." (*Id.* at 4-9.)

For the reasons discussed below, the Court disagrees with the defendants that the end date of the RICO conspiracy should be September 6, 2018. However, the Court concludes that the end date of the RICO conspiracy should be October 20, 2021, the return date of the Second Superseding Indictment. The Court reaches that conclusion because there was no testimony or evidence presented to the grand jury on April 6, 2022, to support a finding that the RICO conspiracy continued until the date of Third Superseding Indictment. The grand jury was told that the only purpose of the Third Superseding Indictment was to correct statutory citations and that nothing legally or factually changed from the Second Superseding Indictment. The grand jury was never told that the Third Superseding Indictment alleged that the RICO conspiracy continued to the date of the Third Superseding Indictment. Moreover, even if the grand jury had been provided with that information, the grand jury was not given guidance on how the prior grand jury transcripts could be used to make a finding that the RICO conspiracy continued to the date of the Third Superseding Indictment. Accordingly, the Court recommends that the District Court grant the instant motion, in part, and deny the motion, in part.

**FACTUAL BACKGROUND**

On August 23, 2018, a federal grand jury in the District of Arizona returned an Indictment against Samuel Rakestraw, Michael Williams, and ten other individuals. (Doc. 3.) The Indictment did not allege the RICO conspiracy offense contained in subsequent Indictments.

On October 21, 2020, a federal grand jury in the District of Arizona returned a Superseding Indictment against Samuel Rakestraw, Michael Williams, the other ten defendants, and added six additional defendants. (Doc. 537.) The Superseding Indictment added the RICO conspiracy offense against Samuel Rakestraw, Michael Williams, and seven other defendants. The Superseding Indictment alleged that the RICO conspiracy began "on a date unknown, but starting no later than the year 2012, and continuing to the date of this Superseding Indictment[.]"  (*Id.* at 6.)

On October 20, 2021, a federal grand jury in the District of Arizona returned a Second Superseding Indictment, which added Bhishm Neal as a defendant, but did not allege new charges against any other defendant. (Doc. 811.) The Second Superseding Indictment extended the end date of the RICO conspiracy to "the date of this Superseding Indictment." (*Id.* at 6.)

On April 6, 2022, a federal grand jury in the District of Arizona returned a Third Superseding Indictment which did not add charges or defendants. (Doc. 1425.) Once again, the Third Superseding Indictment extended the end date of the RICO conspiracy to "the date of this Superseding Indictment." (*Id.* at 6.)

As discussed above, the defendants argue that the Third Superseding Indictment improperly extended the end date of the RICO Conspiracy because no testimony or other evidence was presented to the grand jury to support the extension. The government argues that the grand jury had access to the testimony and evidence presented when the grand jury issued a true bill on the Second Superseding Indictment. As a result, there was sufficient evidence for the grand jury to extend the end date of the RICO conspiracy.

The Court turns to the transcript of the grand jury proceedings on April 6, 2022.

AUSA Rossi first pointed out that the grand jurors were being presented with a Third Superseding Indictment and confirmed with the grand jurors that they "were the ones who returned the Second Superseding Indictment in this case" and that they remembered the case. (4/6/22 GJ Tr. at 2.) AUSA Rossi then advised the grand jurors that Count One, the RICO conspiracy, had a "small mistake," but "it is legally significant." Specifically, the statutory citation in the last sentence of Count One in the Third Superseding Indictment has been corrected to read as follows: "'all in violation of Title 18, United States Code Section 1962(d) and 1963(a).'" *(Id.* at 3.) AUSA Rossi advised the grand jurors that this citation "was not included in the Second Superseding Indictment, which you returned." *(Id.)* AUSA Rossi also pointed out that the statutory citation in Count Five and Count Six are also being corrected in the Third Superseding Indictment. *(Id.* 3-4.)

AUSA Rossi advised the grand jurors that "those are the only two differences between this Third Superseding Indictment and the Second Superseding Indictment that you returned, I believe, in October." *(Id.* at 4.) AUSA Rossi also advised the grand jurors that he is "here in case you have any legal questions" and Detective Freiberg "is more than willing to answer any questions that you have." *(Id.)* He further advised that "[w]e also have transcripts of all the testimony from last time and the actual presentation from last time. So if anybody has any questions, you are entitled to review these if you so wish." *(Id.)* No questions were asked of Detective Frieberg. *(Id.* at 7.)

Two grand jurors told AUSA Rossi that they were not present when the Second Superseding Indictment was returned. *(Id.* at 5.) The foreperson asked AUSA Rossi if there was a way to give those two grand jurors a "brief overview" of the case. *(Id.* at 5.) AUSA Rossi asked if the two grand jurors could abstain from voting on the Third Superseding Indictment because "there's no . . . short way . . . to talk about this case." *(Id.* at 5-6.) As a result, it was agreed that those two grand jurors would abstain from voting on the Third Superseding Indictment. *(Id.* at 6.)

A grand juror asked AUSA Rossi: "So what effect do the changes have on what we were presented with last time?" *(Id.* at 5.) AUSA Rossi responded: "Factually nothing,

legally nothing." (*Id.*)   Before he left the grand jury room. AUSA Rossi again advised the grand jurors that he is "going to leave the presentations and the transcripts" from prior grand jury proceedings "in case you want to refer to them while you vote[.]" (*Id.* at 11.)

At oral argument, the Court advised counsel that the instant motion seemed like a motion to preclude or limit evidence that is beyond the end date of the RICO conspiracy (whatever date that may be).  Because the substantive offenses and the overt acts do not date past 2018, the Court asked the government if there was post-2018 evidence that it will seek to introduce at trial.   The government represented that there was no such evidence and defense counsel agreed that they have not seen any such evidence in the disclosure.

Those responses led the Court to question why the end date of the RICO conspiracy was a big deal from either party's (practical) perspective and whether the parties could agree on the end date of the RICO conspiracy.  The Court proposed the date of the Second Superseding Indictment (October 20, 2021) as the end date of the RICO conspiracy because, unlike on April 6, 2022, evidence was presented to the grand jury on October 20, 2021, to enable them to make a finding on the end date of the RICO conspiracy.  Defense counsel essentially advised the Court that it wanted an end date in 2018 because they do not want the jury to hear about a conspiracy lasting until 2022, four years after they were arrested.  The government would not agree to change the end date of the RICO conspiracy because the defendants are wrong on the law.  Because there was not a meeting of the minds, the Court turns to the law on this unusual issue.

## DISCUSSION

"It had been repeatedly stated and well established that an Indictment cannot be attacked on the ground that evidence before the grand jury was incompetent or inadequate." *United States v. Samango*, 607 F.2d 877, 880 n. 6 (9th Cir. 1979) (*citing Costello v. United States*, 350 U.S. 359 (1956); *Lawn v. United States*, 355 U.S. 339 (1958)).  In *Costello*, the defendant argued that the Indictment should be dismissed because only hearsay evidence was presented to the grand jury. 350 U.S. at 361. The Supreme Court, like the courts below, rejected that argument.  The Court explained that:

> If Indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An Indictment returned by a legally constituted grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello*, 350 U.S. at 363.

Based on this clear and longstanding rule articulated by the Supreme Court, the government argues that "to the extent defendants are arguing the indictment was based on inadequate evidence, that is not a proper basis on which to attack an indictment." (Doc. 3071 at 4.) The problem with the government's argument, at least with respect to the Third Superseding Indictment, is the defendants' challenge to the April 6, 2022, end date of the RICO conspiracy is not based on inadequate evidence being presented to the grand jury when it returned the Third Superseding Indictment. The defendants' argument is that no evidence was presented to the grand jury on that date.

As discussed above, neither Detective Frieberg nor any other witness testified at the grand jury proceedings on April 6, 2022. Although AUSA Rossi advised the grand jurors that Detective Frieberg was "more than willing to answer any questions," no questions were asked by the grand jurors or AUSA Rossi. Moreover, when asked what effect the statutory citation changes to the Third Superseding Indictment had on what was presented during the October 20, 2021 grand jury proceeding which resulted in the Second Superseding Indictment, AUSA Rossi told the grand jurors: "Factually nothing, legally nothing."

The government argues that the grand jurors had the transcripts of the prior grand jury proceedings to review and rely on when deliberating on the Third Superseding Indictment. However, as the Ninth Circuit has noted, "[a]t a minimum, the government attorney [is] obligated to provide some guidance as to how the jurors should utilize the . . . transcripts in determining whether or not an indictment should be returned." *Samango*,

- 6 -

607 F.2d at 882 n. 7 (*quoting United States v. Gallo*, 394 F. Supp. 310, 315 (D. Conn. 1975)).  AUSA Rossi did not provide the grand jurors any guidance on how to utilize the transcripts.  He simply advised the grand jurors that they are "entitled to review" the transcripts "in case you want to refer to them while you vote[.]"  (*Id.* at 4, 11.)

Relatedly, AUSA Rossi did not tell the grand jurors that the proposed Third Superseding Indictment was alleging that the RICO conspiracy continued to the date of "this Superseding Indictment" and/or that the government was asking the grand jury to find that RICO conspiracy continued to the date of the Third Superseding Indictment.  Without that information and guidance on how to use the transcripts of prior grand jury proceedings, the transcripts served no purpose for a grand jury that was told that the only changes made to the Third Superseding Indictment were corrections to statutory citations, which changed nothing factually or legally.

Based on the discussion above, the Court concludes that there was no way for the grand jury to make a finding on April 6, 2022, that the RICO conspiracy continued to the date of the Third Superseding Indictment because: (1) no testimony or other evidence was presented to the grand jury regarding an extension of the end date of the RICO conspiracy; (2) the grand jury was never made aware that the Third Superseding Indictment alleged that the RICO conspiracy continued to the date of the Third Superseding Indictment; and (3) even if the grand jury had been made aware of that information, no guidance was provided about how the prior grand jury transcripts could be utilized to find that the RICO conspiracy continued to the date of the Third Superseding Indictment.

As a result, the Court concludes the grand jury's finding on October 20, 2021, that the RICO conspiracy continued until the date of the Second Superseding Indictment is controlling.  Again, the Court reaches that conclusion because, unlike on April 6, 2022, testimony and evidence was presented to the grand jury that returned the Second Superseding Indictment on October 20, 2021.  As discussed above, the law is clear that the defendants cannot challenge the competency, adequacy or reliability of the evidence presented to the grand jury that returned a true bill on the Second Superseding Indictment.

As a result, there is no legal basis for the defendants' argument that the end date of the RICO conspiracy should be September 6, 2018, the date of their arrests.

## CONCLUSION

If the Third Superseding Indictment will be provided to the trial jury, the end date of the RICO conspiracy should be amended to October 20, 2021, the return date of the Second Superseding Indictment. If the Third Superseding Indictment will not be provided to the trial jury, but the jury will be advised of, or instructed on, the alleged duration of the RICO conspiracy, the advisal or instruction should be that RICO conspiracy is alleged to have continued until October 20, 2021.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant the instant motion, in part, and deny the motion, in part.

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within seven (7) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-18-01695-TUC-JAS.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 9th day of May, 2024.

Eric J. Markovich
United States Magistrate Judge